UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br>SULTAN R. SOLIMAN,<br>　　　　　Debtor. | Chapter 7<br><br>Case No. 12-14444-MG |

---

| | |
|---|---|
| LEV VYSHEDSKY,<br>　　　　　Plaintiff,<br>　-against-<br>SULTAN R. SOLIMAN,<br><br><br><br><br><br><br>　　　　　Debtor. | Adversary Proceeding<br>No.<br><br>CREDITOR LEV VYSHEDSKY COMPLAINT TO DETERMINE DEBT TO BE NON DISCHRAGBLE PURSUANT TO 11 USC § 523 (a)(6) |

---

　　　　TO THE HONORABLE MARTIN GLENN, UNITED STATES BANRUPCY JUDGE:

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC § 523 (a)(6)

　　Plaintiff- Judgment Creditor, as and for his Complaint against Debtor- Judgment Debtor SULTAN R. SOLIMAN (the "Debtor"), respectfully alleges:

1

## JURISDICTION AND VENUE

1. On October 30, 2012, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On November 28, 2012, the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine discharge ability of a debt expires on January 28, 2012.

5. This is an adversary proceeding in which the Plaintiff-creditor is seeking a determination as to the dischargability of the debt owed by the Debtor to Plaintiff under Bankruptcy Code § 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

8. The Debtor filed the above captioned bankruptcy petition in this court, therefore this the proper pursuant to the provisions of 28 U.S.C. §1409.

## PARTIES

9. Plaintiff is an individual, a US Citizen and a resident of the State of New York who resides at 99 Hillside Avenue, Apartment 19 E New York, New York 10040

10. Plaintiff is a judgment creditor of the Debtor.

11. The Debtor in the above-captioned case and at all relevant times has resided at 99 Hillside Avenue, Apartment 21J, New York, New York 10040.

2

## STAMENT OF FACTS

12. That on July 27, 2000 Plaintiff, an individual named ANDRZEJ VOY SOBON and Debtor were present in an elevator of the building at 99 Hillside Ave, New York, New York.

13. That Debtor at that time and place threatened accosted confronted and defamed ANDRZEJ VOY SOBON and intentionally placed him in imminent apprehension of harm and offensive contact all in violation of an order of protection issued by Judge Koretz of the New York City Criminal Court in favor of ANDRZEJ VOY SOBON against the Debtor under docket number 2000NY070629.

14. That Plaintiff witnessed said the described above acts by Debtor against ANDRZEJ VOY SOBON, while in the elevator on the way to Plaintiff's apartment floor.

15. That ANDRZEJ VOY SOBON informed Plaintiff that the Debtor was violating an Order of Protection by his abusive and threatening conduct toward ANDRZEJ VOY SOBON (hereafter "SOBON") in the elevator and asked Plaintiff if Plaintiff would be willing to be a witness for SOBON to the events that occurred in the elevator. Plaintiff and SOBON were strangers at the time the elevator incident occurred (all three Plaintiff, SOBON, and Debtor were all residents of 99 Hillside Avenue). That after hearing Plaintiff agree to be a witness to the events for SOBON, that Debtor became enraged and exited the elevator on the 19th floor, Plaintiff's floor, and followed Plaintiff to Plaintiff's apartment door. Debtor was cursing at Plaintiff as Debtor approached Plaintiff (Plaintiff and Debtor were also strangers at the time) and unlawfully and without consent provocation or justification did threaten and did cause harmful and offensive contacts to the person of Plaintiff and assaulted battered Plaintiff and did bite Plaintiff in the face and ripped a piece of skin from Plaintiff's nose from Plaintiff's face by using Debtor's teeth.

16. That due the above conduct of the Debtor, Plaintiff suffered physical and mental injuries consisting of an avulsion of skin from the nose, lacerations to nose and surrounding area, swelling, bruising, sutures, detached missing area of skin scaring and disfigurement anxiety depression loss of self -esteem insomnia / nightmares and pain and suffering.

## PLAINTIFF'S STATE COURT SUIT
## AGAINST THE DEBTOR

17. Plaintiff filed Criminal charges against the Debtor who in turn entered into a guilty plea for an assault in the 3rd degree, class A misdemeanor pursuant to New York Penal Article 120 - § 120.00 (1).

18. On July 5, 2001, Plaintiff commenced an action in the Supreme Court of the State of New York, County of New York[1] seeking damages from the Debtor due to Debtor's intentional tortious conduct against the Plaintiff and which consisted of assault and battery against the person of the Plaintiff.

19. Debtor was duly served, appeared in the action, however failed to appear at trial of the action thereby defaulting, resulting in entry of a Judgment[2] on June 8, 2012 after an inquest, for Plaintiff against Debtor for $110,000.00 consisting of $85,000.00 in compensatory damages and $25,000.00 in punitive damages which has not been satisfied, in part or in whole.

20. The Court at the conclusion of the inquest rendered a decision for Plaintiff, holding that the Debtor had intentionally assaulted and battered the Plaintiff thereby causing Plaintiff the injuries described above.

---

[1] On or about February 6, 2004 by Court order Plaintiff's state court action was transferred from Supreme Court of the State of New York County of New York to New York Civil Court County of New York pursuant to CPLR 325(d).

[2] Judgment was granted by the Honorable Arthur F. Engoron who presided over the inquest held at New York Civil Court County of New York

21. The Court's decision was based upon evidence submitted at trial that established that the Debtor had engaged in unlawful intentional willful and malicious tortious conduct.

22. On June 8, 2012, Judgment for $110,000.00 was entered against the Debtor pursuant to the Court's decision, no part of which was ever paid.

23. The Judgment against the Debtor has not been appealed, vacated, or modified, and now is final.

## COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

24. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs of this Complaint as if set forth at length herein.

25. Bankruptcy Code § 523 provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

26. Debtor's conduct was deliberate willful intentional and malicious. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable at any time, as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiff against the Debtor in State Court on June 8, 2012, is non-dischargeable under Bankruptcy Code § 523(a)6) and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 25, 2012
New York, New York

s/
John Tumelty

Tumelty & Spier, LLP
Attorney(s) for Plaintiff
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681


TO:  DAVID I. PANKIN, ESQ.
     David I. Pankin, P.C.
     48 Willoughby Street
     Brooklyn, NY 11201-5202
     718-243-2444 Fax: 718-243-1144
     dpankin@pankinlaw.com



Soliman, Sultan R.
99 Hillside Avenue
Apartment 21J
New York, New York 10040

Bankruptcy Trustee
Angela G. Tese-Milner, Esq.
Law Offices of Angela Tese-Milner, Esq.
One Minetta Lane
New York, NY 10012
Telephone number: (212) 475-3673

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                              Chapter 7

SULTAN R. SOLIMAN,

        Debtor.                                Case No.

12-14444-MG

---

LEV VYSHEDSKY,

        Plaintiff,                            Adversary Proceeding
                                               No.

    -against-

SULTAN R. SOLIMAN,
        Debtor.

---

**CREDITOR LEV VYSHEDSKY COMPLAINT TO DETERMINE DEBT
TO BE NON DISCHARAGBLE PURSUANT TO 11 USC § 523 (a)(6)**

---

TUMELTY & SPIER, LLP
*Attorney for Plaintiff(s)*
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681
FAX (212) 566-4749