**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                      :
                                                            :
                                                            :
SULTAN R. SOLIMAN                                           :     Chapter 7
                                                            :     Case No. 12-14444 (MG)
                                                            :
                    Debtor                                  :
------------------------------------------------------------x
                                                            :
LEV VYSHEDSKY                                               :
                                                            :
                                                            :
                    Plaintiff,                              :
                                                            :     Adv. Proc. No. 13-01106(MG)
         - against -                                        :
                                                            :
SULTAN R. SOLIMAN                                           :
                                                            :
                    Defendant.                              :
                                                            :
------------------------------------------------------------x

**PRETRIAL MEMORANDUM**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................ 1

    A.    Factual Background ................................................................................................ 2

    B.    Procedural History .................................................................................................. 3

II.   ARGUMENT ...................................................................................................................... 4

    A.    Legal Standard ........................................................................................................ 4

        1.    Willful and Malicious Injury ...................................................................... 5

        2.    Self-Defense ................................................................................................ 5

    B.    Mr. Soliman's Reactionary Bite Was Neither Willful Nor Malicious ................... 6

III.  CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**CASES**

*Ball v. A.O. Smith Corp.*,
   451 F.3d 66 (2d Cir. 2006)..................................................................................................5

*Grogan v. Garner*,
   498 U.S. 279 (1991)............................................................................................................5

*In re Bonnanzio*,
   91 F.3d 296 (2d Cir. 1996)..................................................................................................5

*In re Chase*,
   372 B.R. 125 (Bankr. S.D.N.Y. 2007) (Glenn, J.)..............................................................4

*In re Delia*,
   2013 WL 5450456 (Bankr. S.D.N.Y Sept. 30, 2013).........................................................5

*In re Furio*,
   77 F.3d 622 (2d Cir. 1996)..................................................................................................4

*In re Greene*,
   397 B.R. 688 (Bankr. S.D.N.Y. 2008).........................................................................5, 6, 7

*In re Schachter*,
   2007 WL 2238293 (Bankr. S.D.N.Y. Aug. 1, 2007)........................................................6, 7

*In re Stelluti*,
   94 F.3d 84 (2d Cir. 1996) ...................................................................................................5

*In re Taylor*,
   322 B.R. 306 (Bankr. N.D. Ohio 2004).............................................................................6, 7

*Kawaauhau v. Geiger*,
   523 U.S. 57 (1998)........................................................................................................4, 5, 7

*United States v. Desinor*,
   525 F.3d 193 (2d Cir. 2008)................................................................................................6

**STATUTES**

11 U.S.C. § 523(a)(6)................................................................................................................1, 4, 5

N.Y. Penal Code § 120.00 ............................................................................................................3

## I.     INTRODUCTION

This adversary proceeding arises from the efforts of Debtor-defendant Sultan Soliman to defend himself during a physical altercation with Plaintiff Lev Vyshedsky. During this altercation, Mr. Vyshedsky spat at Mr. Soliman twice, and threatened Mr. Soliman with deadly force by brandishing a knife. While it is undisputed that Mr. Soliman bit Mr. Vyshedsky on the nose, the bite was a reaction to the danger that Mr. Soliman reasonably felt in response to Mr. Vyshedsky's aggression. For various reasons, Mr. Soliman pleaded guilty to a misdemeanor in exchange for a sentence of probation and fifteen days of community service.

After Mr. Soliman's guilty plea, Mr. Vyshedsky filed a civil suit against Mr. Soliman, alleging that he had sustained $1,000,000 in compensatory damages. The case was pending for many years when Mr. Soliman's attorney inexplicably abandoned his client. Unbeknownst to Mr. Soliman, the civil case proceeded on default, and a judgment was entered against him for $110,695. Mr. Soliman, who had lost his job in the intervening period, first learned of the default judgment upon receiving a credit report in conjunction with his filing for bankruptcy in this Court.

Now, the sole question before this Court is whether the default judgment debt is non-dischargeable in bankruptcy as a debt "for willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). Slip Op. at 4, ECF Doc. No. 42. At the evidentiary hearing, Mr. Soliman will show that he acted in self-defense after Mr. Vyshedsky threatened him with a knife. Mr. Soliman's use of force in response to Mr. Vyshedsky's threat of deadly force was reasonable under the circumstances, and therefore was not "malicious" within the meaning of § 523(a)(6). In the alternative, if the court believes that Mr. Soliman's actions were unreasonable, then his efforts to defend himself were merely reckless and were not "willful" under § 523(a)(6). In either case,

Mr. Soliman's judgment debt to Mr. Vyshedsky is not "for willful and malicious injury by the debtor" and should therefore be discharged.

A.    **Factual Background**

On July 27, 2000, Mr. Soliman entered a vacant elevator in his apartment building. *See* Debtor-Defendant's Proposed Finding of Fact ("FOF") at ¶ 2. Before the elevator door closed, Mr. Vyshedsky and Voy Sobon, both of whom were residents of Mr. Soliman's building, entered the elevator after Mr. Soliman. *Id.* At the time, Mr. Sobon had an order of protection against Mr. Soliman related to a disagreement concerning co-op administration. FOF ¶ 3. In light of the order of protection, Mr. Soliman asked Mr. Sabon to take the next elevator, but Mr. Sabon refused and the elevator doors closed. FOF ¶¶ 5–6. As the elevator ascended, Mr. Sobon, who had been frequently antagonizing Mr. Soliman, began to discuss his opinions with Mr. Vyshedsky concerning the order of protection. FOF ¶ 7.

As Mr. Vyshedsky exited the elevator, Mr. Soliman attempted to speak with Mr. Vyshedsky about the order of protection and his history with Mr. Sobon. FOF ¶ 8. As Mr. Solimon was speaking to and walking behind Mr. Vyshedsky, Mr. Vyshedsky spat at Mr. Soliman twice. FOF ¶ 9. As the encounter became more heated, Mr. Vyshedsky brandished a knife, and advanced upon Mr. Soliman. FOF ¶ 10. During this encounter, Mr. Soliman did not have a weapon and reasonably perceived himself to be in danger. FOF ¶ 11–12. As Mr. Vyshedsky brandished the knife, Mr. Soliman attempted to prevent injury to himself and struggled with Mr. Vyshedsky. FOF ¶ 14. During the struggle, both of Mr. Soliman's hands were engaged to restrain Mr. Vyshedsky. FOF ¶ 15. With both of his hands engaged, Mr. Soliman attempted to protect himself by biting Mr. Vyshedsky's nose. FOF ¶ 16. Afterwards, the physical struggle ended and both men retreated to their respective apartments. FOF ¶ 17. Mr.

Soliman ultimately pled guilty to third degree misdemeanor assault in violation of N.Y. Penal Code § 120.00.  Stipulated Fact No. 2.

**B.    Procedural History**

After Mr. Soliman's guilty plea, Mr. Vyshedsky brought a civil suit for assault and battery.  The case was delayed over the course of ten years, and Mr. Soliman's attorney in that civil action abandoned Mr. Soliman.  Mr. Soliman was unaware of the trial date in that civil action, and therefore did not appear at trial.  Consequently, a default judgment in the amount of $110,695 was entered.  Slip Op. at 5, ECF Doc. No. 42.[1]

In the meantime, Mr. Soliman had lost his job as support staff in a brokerage firm and faced financially difficulties.  Now unemployed, Mr. Soliman asked a new attorney to help him prepare a bankruptcy petition.  During the course of preparing that petition and obtaining a credit report, the bankruptcy attorney discovered the default judgment described above.  Thus, Mr. Soliman first learned of the default judgment.

Mr. Soliman proceeded to file a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  Mr. Vyshedsky filed an adversary proceeding for nondischargeability of the default judgment.  Mr. Soliman, with the assistance of undersigned counsel—who had recently taken on Mr. Soliman's case *pro bono*—was granted relief from the automatic stay in his bankruptcy case and promptly moved to vacate the default judgment.  ECF Doc. No. 17, Case No. 12-14444.  The Civil Court denied that motion, and the Appellate Term affirmed the order.

Both parties subsequently filed motions for summary judgment with this Court, which the Court denied.  The Court determined that it is unclear whether New York courts give collateral estoppel effect to default judgments, but it is clear that New York courts give collateral estoppel

---

[1] The undersigned counsel and the law firm of Perkins Coie LLP were not involved in the New York State Court proceedings prior to 2013, and are representing plaintiff pro bono in this action.

- 3 -

effect to criminal guilty pleas. Slip Op. at 9–11, ECF Doc. No. 42. The Court noted that, despite Mr. Soliman's guilty plea, questions remain "about what issues Soliman's criminal conviction resolved that are identical to issues in the denial of discharge Adversary Proceeding, and, more importantly, what issues in the denial of discharge Adversary Proceeding were not resolved by the criminal case." Slip Op. at 14, ECF Doc. No. 42. Simply put, Mr. Soliman's guilty plea does not establish as a matter of law whether Mr. Soliman's debt to Mr. Vyshedsky is non-dischargeable because it was based upon a "willful and malicious injury." 11 U.S.C. § 523(a)(6). Accordingly, this Court ordered an evidentiary hearing "limited to the issue of whether Soliman's actions were 'a deliberate and intentional injury' to Vyshedsky." Slip Op. at 4, ECF Doc. No. 41 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).

## II.    ARGUMENT

Mr. Vyshedsky's single claim in this adversary proceeding is that the default judgment he holds against Mr. Soliman is nondischargeable in bankruptcy because it is "for willful and malicious injury by the debtor." 11 U.S.C.§ 523(a)(6). As discussed more fully below, Mr. Vyshedsky cannot meet his burden to prove this claim by a preponderance of the evidence because Mr. Soliman was reasonably defending himself against the threat of deadly force. Even if the Court were to determine that Mr. Soliman's actions were not reasonable, at most, Mr. Soliman's action were reckless, rather than willful and malicious.

### A.    Legal Standard

"In view of the 'fresh start' policy of the Bankruptcy Code, exceptions to the dischargeability of debts should be narrowly construed in favor of a debtor." *In re Chase*, 372 B.R. 125, 128 (Bankr. S.D.N.Y. 2007) (Glenn, J.) (citing *In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996)); *accord In re Furio*, 77 F.3d 622, 624 (2d Cir. 1996). To have a debt found

nondischargeable under § 523, the plaintiff must prove each element of the exception by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *In re Bonnanzio*, 91 F.3d at 300; *In re Delia*, 2013 WL 5450456, at *9 (Bankr. S.D.N.Y Sept. 30, 2013). Accordingly, in order to prevail on his claim, Mr. Vyshedsky bears the burden of proving by a preponderance of the evidence that Mr. Soliman acted willfully and maliciously when biting Mr. Vyshedsky's nose.

### 1. Willful and Malicious Injury

It is well-settled that a debt is nondischargeable if it is "for willful and malicious injury by the debtor." 11 U.S.C.§ 523(a)(6). "The terms 'willful' and 'malicious' are separate elements, and both must be satisfied" in order to prevail on a nondischargeability claim. *In re Greene*, 397 B.R. 688, 693 (Bankr. S.D.N.Y. 2008) (quoting *In re Krautheimer*, 241 B.R. 330, 341 (Bankr. S.D.N.Y. 1999)).

"The term 'willful' in this context means 'deliberate or intentional.'" *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996). The "word 'willful' indicates 'a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury.'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)). For that reason, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau*, 523 U.S. at 64. "The term 'malicious' means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *In re Stelluti*, 94 F.3d at 87; *accord Ball*, 451 F.3d at 69.

### 2. Self-Defense

"It is black-letter law that one who believes that he or she is about to be harmed is privileged to use reasonable force to protect themselves. Acts properly taken, therefore, in self-defense provide a valid defense to an action brought under § 523(a)(6); this has always been

- 5 -

understood." *In re Taylor*, 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004); *see In re Greene*, 397 B.R. 688, 695–97 (Bankr. S.D.N.Y. 2008); *In re Schachter*, 2007 WL 2238293, at *6 (Bankr. S.D.N.Y. Aug. 1, 2007) (noting that "acts properly taken in self-defense would provide a valid defense to a claim under Section 523(a)(6)").

Self-defense is an affirmative defense, and the defendant bears the burden of proving its elements. *In re Taylor*, 322 B.R. at 309; *accord In re Schachter*, 2007 WL 2238293, at *6. "[T]he law pertaining to self-defense is a matter of federal common law," but federal courts "look to state court decisions for guidance." *United States v. Desinor*, 525 F.3d 193, 199 (2d Cir. 2008); *accord In re Greene*, 397 B.R. at 695; *In re Taylor*, 322 B.R. at 309. "Under New York law, a person is entitled to use physical force to the extent he reasonably believes it to be necessary to defend himself from unlawful, ordinary physical force." *In re Greene*, 397 B.R. at 696 (citing N.Y. Penal Law § 35.15(1)). And "[a] person may . . . use deadly, physical force if he reasonably believes it is necessary to repel deadly physical force." *Id.* (citing N.Y. Penal Law § 35.15(2)(a)). "As a matter of law, in the State of New York, 'the use of a knife constitutes deadly physical force.'" *Id.* (quoting *Steele v. Laclaire*, 2007 WL 2982240, *6 (S.D.N.Y. Oct.10, 2007)).

**B.     Mr. Soliman's Reactionary Bite Was Neither Willful Nor Malicious**

As described above, Mr. Soliman was threatened with the imminent use of force when Mr. Vyshedsky brandished a knife and advanced upon him. Therefore, Mr. Soliman was "entitled to use physical force to the extent he reasonably believe[d] it to be necessary to defend himself." *In re Greene*, 397 B.R. at 696 (citing N.Y. Penal Law § 35.15(1)). Furthermore, because the use of a knife constitutes *deadly* physical force, Mr. Soliman was entitled to "use deadly, physical force if he reasonably believe[d] it [to be] necessary to repel" Mr. Vyshedsky and his knife. *Id.* Notwithstanding this entitlement, Mr. Soliman's efforts to defend himself

- 6 -

were not deadly. Instead, Mr. Soliman engaged both of his hands to restrain Mr. Vyshedsky during the physical altercation. FOF ¶ 15. As the struggle continued with both of his hands engaged, Mr. Soliman reasonably reacted by biting the knife-wielding Mr. Vyshedsky.

Accordingly, Mr. Soliman acted reasonably in his own defense, his actions were not "malicious" within the meaning of § 523(a)(6), and his debt to Mr. Vyshedsky should be discharged. *See In re Schachter*, 2007 WL 2238293, at *6 (noting that "acts properly taken in self-defense would provide a valid defense to a claim under Section 523(a)(6)"); *accord In re Greene*, 397 B.R. at 695–97; *In re Taylor*, 322 B.R. at 309.

Even if Mr. Soliman's reaction were unreasonable, at most, his bite was a reckless effort to protect himself from injury as Mr. Vyshedsky brandished a knife. Reckless conduct is characterized by the disregard of "a substantial and unjustifiable risk . . . of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." Slip Op. at 16, ECF Doc. No. 42 (quoting N.Y. Penal Law § 15.05)). Even if they were reckless, Mr. Soliman's actions still were not "willful" under § 523(a)(6), and his debt to Mr. Vyshedsky would still be dischargeable. *See, e.g., Kawaauhau*, 523 U.S. at 64 (holding that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)").

110275-0001.0002/LEGAL127582709.4

## III. CONCLUSION

For the above-stated reasons, Plaintiff cannot satisfy his burden by the preponderance of the evidence, and the default judgment is dischargeable under the Bankruptcy Code.

Dated: September 2, 2015
 New York, New York

                                          PERKINS COIE LLP

                                          By: /s/ Tina N. Moss
                                               Tina N. Moss
                                               Manny J. Caixeiro
                                               Jalina J. Hudson
                                               30 Rockefeller Plaza, 22nd Floor
                                               New York, NY 10112
                                               212.262.6900
                                               Fax: 212.977.1649
                                               Attorneys for Debtor-Defendant

110275-0001.0002/LEGAL127582709.4